# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY RAY LOPEZ, JR., | Civil No. 3:17-cv-331 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN BALTAZAR, | |
| Respondent | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Johnny Ray Lopez, Jr. ("Lopez"), a federal inmate incarcerated at the Canaan United States Penitentiary, Waymart, Pennsylvania. Lopez challenges a sentence imposed by the United States District Court for the Eastern District of Tennessee. (Doc. 1). The petition is ripe for disposition and, for the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

## I. Background

The Sixth Circuit Court of Appeals summarized Lopez's underlying criminal offense as follows:

> On October 21, 2010, Tennessee Highway Patrol Trooper Joshua Orlowski pulled over a vehicle because it had an impermissibly dark window tint. Upon observing an open case of beer and a wooden club in the vehicle, Orlowski asked the driver and the three passengers, including Lopez, who was seated behind the driver, to exit the vehicle. Thereafter, Lopez told Orlowski that he had an outstanding arrest warrant for violating parole. After securing Lopez, Orlowski searched the vehicle and found a loaded Hi-Point 9mm handgun on

the vehicle's floor, under the driver seat, closer to the rear than the front of the vehicle and with the grip of the pistol nearest the rear of the vehicle. Orlowski asked the passengers about the handgun, and Lopez admitted ownership. Another trooper on the scene, Doug Brewer, also questioned Lopez. Lopez again admitted ownership and told Brewer that he needed the gun for protection from the people with whom he interacts.

*United States v. Lopez*, No. 12-5649 (6th Cir. 2013). Based on these events, on February 8, 2011, Lopez was indicted in the Eastern District of Tennessee for unlawful transportation of firearms in violation of 18 U.S.C. § 922(g)(1). *United States v. Lopez*, No. 2:11-CR-00015 (E.D. Tn.) (Doc. 1). On October 18, 2011, following a jury trial, Lopez was found guilty. *Id.* at (Doc. 56). Lopez was sentenced to a ninety-four (94) month term of imprisonment. *United States v. Lopez*, No. 2:11-CR-00015 (E.D. Tn.) (Doc. 66).

Lopez timely appealed his conviction to the Sixth Circuit Court of Appeals. On appeal, Lopez contested whether the prosecution submitted sufficient evidence to demonstrate that he knowingly possessed a firearm and challenged the prosecution's use of his confessions to the troopers, which he asserted were uncorroborated. *United States v. Lopez*, No. 2:11-CR-00015 (E.D. Tn.) (Doc. 75). On February 25, 2013, the Sixth Circuit affirmed Lopez's conviction and sentence. *United States v. Lopez*, No. 12-5649 (6th Cir. 2013).

On May 1, 2013, the sentencing court docketed an undated letter from Lopez. *United States v. Lopez*, No. 2:11-CR-00015 (E.D. Tn.) (Doc. 77). In the letter, Lopez complained that his attorney violated his Equal Protection rights by striking all men from the

2

jury, and that his attorney failed to do an independent calculation of the sentencing guidelines. *Id.* Also on May 1, 2013, the sentencing court observed that Lopez's letter appeared to be a § 2255 motion. The court therefore directed the Clerk of Court to file the letter as a § 2255 motion. *Id.* at (Doc. 78). Nevertheless, the court noted that Lopez was still within his ninety-day period of time for filing a petition for a writ of certiorari and perhaps had not intended the letter to be a § 2255 motion. *Id.* Accordingly, the court ordered Lopez to notify the court within thirty (30) days if he did not intend for the letter to be a § 2255 motion, and gave Lopez the opportunity to withdraw his letter or supplement the letter. *Id.* In a May 5, 2013 letter, Lopez stated that he did not intend his letter to be a § 2255 motion. *Id.* at (Doc. 81). However, Lopez did not formally withdraw the filing.

On June 5, 2013, Lopez's case was reassigned to a different judge. *Id.* at (Doc. 82). Because Lopez's letter had not been withdrawn, the court then ordered the Government to respond to Lopez's § 2255 motion. *Id.* at (Doc. 84). On November 10, 2014, the Government responded. *Id.* at (Doc. 85).

On April 7, 2016, the District Court issued a Memorandum and Order addressing Lopez's "Court-designated, pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255." *Id.* at (Doc. 89, p. 2). The Court noted that although Lopez stated that he had not intended to file a § 2255 motion with his May 1, 2013 filing, Lopez did not withdraw it. *Id.* The District Court therefore construed the filing as a § 2255 motion, and

ultimately denied the motion. *Id.* at (Doc. 89, pp. 2-6). Lopez did not appeal the sentencing court's April 7, 2016 decision.

On February 23, 2017, Lopez filed the instant petition pursuant to 28 U.S.C. § 2241 wherein he challenges his sentence from the Eastern District of Tennessee. (Doc. 1). He challenges his allegedly illegal sentencing guidelines calculation and requests a lower sentence. (Doc. 2, pp. 13-20). Additionally, Lopez claims that he was denied due process when the sentencing court construed his May 2013 letter as a § 2255 motion. (*Id.* at pp. 7-10).

II. **Discussion**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *OKereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." *Fraser v. Zenk*, 90 F. App'x 428, 430 n.3 (3d Cir. 2004), *citing United States v. Hayman*, 342 U.S. 205, 210-19 (1952). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional

4

law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see In re Dorsainvil, 119 F.3d 245, 251-53 (3d Cir. 1997). Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court.[1] Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.").

---

[1] The gatekeeping requirement, 28 U.S.C. § 2255(h), states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In the instant petition, Lopez challenges his allegedly incorrect sentencing guidelines calculation and requests a lower sentence. (Doc. 2, pp. 13-20). Although Lopez's claims fall within the purview of § 2255, he has failed to seek permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A),[2] prior to proceeding in this Court. Lopez previously filed a section 2255 motion in the United States District Court for the Eastern District of Tennessee. Lopez argues that the sentencing court misconstrued his May 2013 letter as a § 2255 motion.[3] However, Lopez should have challenged the sentencing court's April 7, 2016 decision by filing an appeal to the Sixth Circuit Court of Appeals. Lopez failed to do so. Simply because Lopez's prior habeas petition was dismissed by the sentencing court and/or the one-year statute of limitations to file a section 2255 motion has expired, does not render 28 U.S.C. § 2255 inadequate or ineffective for Lopez to raise his present claim. "It is the inefficacy of the remedy [under § 2255], not the

---

[2] 28 U.S.C. § 2244(b)(3)(A) states: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] The sentencing court appears to have liberally construed Lopez's letter and found that his statements expressed an intention to seek relief potentially available under § 2255. Accordingly, his letter was sufficient to trigger the sentencing court's obligation to provide Lopez with notice of the elections required by *United States v. Miller*. *See United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) ("[U]pon receipt of pro se pleadings challenging an inmate's conviction or incarceration-whether styled as a § 2255 motion or not-a district court should issue a notice to the petitioner regarding the effect of his pleadings."). The Eastern District of Tennessee ultimately construed Lopez's letter as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and ruled on it as such. Inasmuch as Lopez is attempting to challenge the decision of the Eastern District of Tennessee to construe his letter as a § 2255 motion, this Court is not the proper forum for appealing the findings of another Federal District Court.

personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, as a matter of law "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, . . . ." *Cradle*, 290 F.3d at 539. Therefore, Lopez may not simply rely upon the prior refusal of the court to grant him relief under § 2255 to justify foregoing such a motion at this time. Additionally, Lopez's failure to appeal the sentencing court's April 7, 2016 decision does not render 28 U.S.C. § 2255 inadequate or ineffective.

Section 2255 may also be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion. *Dorsainvil*, 119 F.3d 245. However, Lopez does not meet this exception as he has not argued that an intervening change in substantive law has rendered his conduct no longer criminal.

Lopez has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Lopez's proper recourse is to seek permission from the Sixth Circuit Court of Appeals to file a successive section 2255 motion in the sentencing court.[4] *See Gordon v. United States*, 209

---

[4] This Court takes no position on whether Lopez may be able to successfully obtain leave from the United States Court of Appeals for the Sixth Circuit to file a second or successive motion for relief under § 2255 with the United States District Court.

F. App'x 173 (3d Cir. 2006) (affirming the District Court's decision that it lacked jurisdiction over the inmate's § 2241 habeas petition challenging his conviction on weapons and robbery counts since such claims were within the purview of § 2255 and the inmate did not seek permission from the Court of Appeals to file a second or successive § 2255 motion). Consequently, the instant petition will be dismissed for lack of jurisdiction.

## III. Conclusion

Based on the foregoing, the Court lacks jurisdiction to consider Lopez's petition. Therefore, the petition will be dismissed. Notably, dismissal will be without prejudice to Lopez's ability to take any action he deems appropriate to seek permission to file a second or successive motion pursuant to section 2255.

A separate Order follows.

Date: December 31, 2017

Robert D. Mariani
United States District Judge